**EXHIBIT A**

FILED: BRONX COUNTY CLERK 07/12/2017 05:10 PM
NYSCEF DOC. NO. 2

INDEX NO. 26287/2017E
RECEIVED NYSCEF: 07/12/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X

MANUEL BRITO,

                Plaintiff,

-against-

1890 REALTY LLC, and BEN BENJAMIN, individually,

                Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**Index No.:**

Jury Trial Demanded

Plaintiff, MANUEL BRITO ("Plaintiff"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against 1890 REALTY LLC ("1890 REALTY"), and BEN BENJAMIN ("Benjamin"), individually, (both, together, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and equitable relief based upon willful violations that the Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the New York Labor Law ("NYLL")'s requirement that employers not make unlawful deductions from employees' earned wages, NYLL § 193; (iii) the NYLL's requirement that employers pay wages to their employees pursuant to the terms of employment not less frequently than on a weekly basis, NYLL § 191; and (iv) any other cause(s) of action that can be inferred from the facts set forth herein.

1

2. Plaintiff worked for Defendants - - a residential building, and its owner/manager - - as an on-site superintendent from on or about August 4, 2004 until on or about January 12, 2017. As described below, for at least the three-year period pre-dating the commencement of this action, the Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA, in that Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours for each week or virtually each week of his employment. Despite this, Defendants failed to compensate Plaintiff at the rate of one and one-half times his regular rate of pay - - or one and one-half times his regular weighted average, whichever is greater - - for all hours that he worked in excess of forty each week, in violation of the FLSA.

3. Furthermore, Defendants violated the NYLL by, during the six-year period pre-dating the commencement of this action: unlawfully deducting certain expenses from Plaintiff's wages without prior written authorization; and by failing to pay Plaintiff, a manual laborer, all of his wages on a weekly basis.

## PARTIES

4. At all relevant times herein, Plaintiff worked for Defendants in the Bronx, New York, and was an "employee" entitled to protection as defined by the FLSA and NYLL.

5. At all relevant times herein, Defendant 1890 Realty was and is a New York limited liability company with its principal place of business located at 1890 Crotona Parkway, Bronx, New York 10460 ("the Building").

6. At all relevant times herein, Defendant Benjamin was and is the owner and manager of 1890 Realty, with his principal executive office located at 1997 Hughes Avenue, Bronx, New York 10457, and who in that capacity served as the day-to-day supervisor of all of Defendants' employees, including Plaintiff. Moreover, Defendant Benjamin: had the power to

hire and fire employees - - and did both hire and fire Plaintiff; supervised and controlled Plaintiff's and other employees' work schedules and job duties; determined Plaintiff's rate and method of pay; and maintained records with respect to Plaintiff's and other employees' employment.

7. At all relevant times herein, Defendants were "employers" within the meaning of the FLSA and the NYLL. Additionally, Defendant 1890 Realty's qualifying annual business exceeds $500,000.00, and Defendants are engaged in interstate commerce within the meaning of the FLSA as Defendants accepted payments in cash that naturally moved across state lines, accepted checks as a form of payment based on banking agreements with out-of-state companies, and purchased and used tools and supplies on a daily basis in the course of maintaining its buildings that traveled across state lines, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## BACKGROUND FACTS

8. Defendant 1890 Realty is a New York limited liability company headquartered in Bronx County that is engaged in the business of leasing and renovating residential apartments.

9. Defendant Benjamin was and is the owner and manager of 1890 Realty, who in that capacity, as set forth above, controls the terms and conditions of employment of all of Defendant 1890 Realty's employees.

10. Defendants employed Plaintiff as a live-in building superintendent in the Building from August 4, 2004 until January 12, 2017.

11. In that role, Plaintiff's duties included, but were not limited to: inspecting and maintaining 1890 Realty's Building; responding to tenants' complaints or requests; and making

maintenance-related repairs at all hours of the day and night. Significantly more than 25% of Plaintiff's work was spent on completely manually laborious tasks.

12. Throughout Plaintiff's employment, Plaintiff also performed supplemental manual work on vacant apartments in the Building.

13. At all relevant times during Plaintiff's employment, and for at least the last three years preceding the filing of this Complaint, Defendants required Plaintiff to work, and Plaintiff did in fact work, six-to-seven days per week, from 7:15 a.m. until 7:30 p.m. or later on weekdays, and from 8:00 a.m. until 11:00 a.m. and 4:00 p.m. until 7:00 p.m. on Saturdays and Sundays, for a total of approximately seventy-one hours worked each workweek.

14. Additionally, Plaintiff - - who was required to live in the building where he served as Superintendent and remain on-call - - regularly received phone calls on a near-daily basis outside of his regularly scheduled hours, requiring him to be immediately available to address any issues that arose in the Building, twenty-four hour per day, seven days per week. Thus, while Plaintiff was scheduled to and did in fact work approximately seventy-one hours per week, Plaintiff was on call, and thus engaged to wait to work, for all 168 hours each week.

15. For his work, Defendants paid Plaintiff a weekly base salary of $375.00, which by operation of law was solely meant to compensate him for his first forty hours of work per week, amounting to a straight-time rate of pay of $9.38 per hour.

16. In addition to his weekly base salary, on some occasions - - entirely subject to the whims of Defendants - - Defendants provided Plaintiff additional pay for certain supplemental manual work that Plaintiff performed, separate and apart from his base salary. This additional pay varied from week to week, and Defendants never fully compensated Plaintiff for either the time spent or expenses incurred when performing this additional work as Defendants' employee.

17. Throughout his employment, for those weeks where Defendants paid Plaintiff additional compensation for his work performed in excess of forty hours per week, Defendants failed to pay Plaintiff the weighted average of his weekly salary and his supplemental pay for all hours worked over forty.

18. For example, during the workweek of January 5 through 11, 2015, Defendants required Plaintiff to work, and Plaintiff did work, from 7:00 a.m. until 9:00 p.m. Monday through Saturday, and from 8:00 a.m. until 12:00 p.m. on Sunday, for a total of eighty-eight hours worked that week. During this week, Defendants paid plaintiff his weekly base salary of $375.00, and an additional $207.79 for supplemental manual labor work. Yet Defendants failed to pay Plaintiff at one and one-half the weighted average of his regular rate of pay for the forty-eight hours that he worked over forty that week.

19. For those weeks where Defendants failed to pay Plaintiff any additional compensation for any supplemental manual work, Defendants paid Plaintiff nothing for his time worked each week in excess of forty hours.

20. For example, during the workweek of January 2 through 8, 2017, Defendants required Plaintiff to work, and Plaintiff did work, from 7:00 a.m. until 7:00 p.m. on Monday through Friday, and from 8:00 a.m. until 12:00 p.m. on Saturday, for a total of sixty-four hours worked that week. For his work, Defendants paid Plaintiff his weekly base salary of $375.00. Defendants paid Plaintiff nothing for the twenty-four hours that he spent working over forty that week.

21. To make matters worse, Defendants, without Plaintiff's written consent, unlawfully deducted various costs from Plaintiff's earned wages by way of separate transactions throughout the six-year period preceding this lawsuit.

FILED: BRONX COUNTY CLERK 07/12/2017 05:10 PM
NYSCEF DOC. NO. 2

INDEX NO. 26287/2017E
RECEIVED NYSCEF: 07/12/2017

22. For example, Plaintiff spent approximately $5,000.00 per year on behalf of Defendants in order to pay the wages of an on-site building porter, or to pay a substitute temporary employee when Plaintiff went on vacation once per year for a two-week period. Defendants never reimbursed Plaintiff for paying Defendants' other employees' wages.

23. Defendants paid Plaintiff his wages on a bi-weekly basis.

24. Each hour that Plaintiff worked was for the Defendants' benefit.

25. Defendants acted in the manner described herein so as to minimize their overhead while maximizing profits.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

26. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

27. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular or weighted average rate of pay for all hours worked exceeding forty in a workweek.

28. As described above, Defendants are employers within the meaning of the FLSA while Plaintiff is an employee within the meaning of the FLSA.

29. As also described above, Plaintiff worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

30. Defendants willfully violated the FLSA.

31. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his regular or weighted average rates of pay.

32. Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's overtime provisions.

FILED: BRONX COUNTY CLERK 07/12/2017 05:10 PM
NYSCEF DOC. NO. 2

INDEX NO. 26287/2017E
RECEIVED NYSCEF: 07/12/2017

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### *Unlawful Deductions under the NYLL*

33. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34. N.Y. Lab. Law § 193 prohibits employers from making any deduction from an employee's wages, outside of certain limited enumerated circumstances. Nor may an employer require an employee to make any payment by separate transaction unless such charge is permitted as a deduction from wages under NYLL § 193.

35. As described above, Defendants are employers within the meaning of the NYLL while Plaintiff is an employee within the meaning of the NYLL.

36. As also described above, Defendants, by separate transaction, deducted wages from Plaintiff's pay without his consent.

37. As a result, Defendants are liable to Plaintiff for the amount of each unlawful deduction.

38. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violation of the NYLL's unlawful deduction provision.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### *Failure to Pay Weekly Wages in Violation of the NYLL*

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. NYLL § 191(1) requires employers to pay "manual workers" on at least as frequently as a weekly basis.

41. As described above, Plaintiff was a "manual worker" under the NYLL in that at least 25% of his work was spent performing manual tasks.

42. As also described above, Defendants failed to compensate Plaintiff on at a weekly basis, in violation of NYLL § 191.

43. As a result, Plaintiff is entitled to liquidated damages in an amount equal to 100% of each late payment, as well as interest and attorneys' fees, for Defendants' failure to pay him his wages in a timely manner.

## DEMAND FOR A JURY TRIAL

44. Plaintiff demands a trial by jury on all causes in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. An order restraining Defendants from any retaliation against Plaintiff for participating in this lawsuit in any form;

c. All damages that Plaintiff has sustained as a result of Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff would have received but for Defendants' unlawful payment practices;

d. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

e. Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

f. Pre-judgment and post-judgment interest, as provided by law;

    g.    Granting Plaintiff any further relief as this Court finds necessary and proper.

Dated: New York, New York
        July 12, 2017

                              Respectfully submitted,

                              BORRELLI & ASSOCIATES, P.L.L.C.
                              *Attorneys for Plaintiff*
                              655 Third Avenue, Suite 1821
                              New York, New York 10017
                              Tel.   (212) 679-5000
                              Fax.  (212) 679-5005

By:       */s/ Michael R. Minkoff*
                           MICHAEL R. MINKOFF, ESQ.
                           ALEXANDER T. COLEMAN, ESQ.
                           MICHAEL J. BORRELLI, ESQ.