November 20, 2017

<u>Via ECF and Email</u>
Hon Judge Richard Sullivan
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
Email: sullivanNYSDchambers@nysd.uscourts.gov

  Re: <u>Brito v. 1890 Realty, LLC, et al (17-CV-6969)(RJS)</u>

Dear Judge Sullivan:

  We represent the parties in the above-referenced, single-plaintiff Fair Labor Standards Act ("FLSA") / New York Labor Law ("NYLL") matter. We write jointly, in accordance with Your Honor's Individual Rules and pursuant to this Court's October 22, 2017 Order (ECF # 18), to provide a brief summary of this matter in advance of the Initial Conference, currently scheduled for November 30, 2017, at 1:15 p.m. Also enclosed is the parties' proposed Case Management Plan and Scheduling Order.

**1. Description of the case**

  A. <u>Plaintiff's Description.</u>

  Plaintiff worked for Defendants - - a residential building and its day-to-day owner/property manager - - as a live-in building superintendent from August 4, 2004 until January 12, 2017. Plaintiff brings this action to recover: alleged unpaid overtime wages pursuant to the FLSA (but not under the NYLL); alleged unlawful deductions violating the NYLL; and damages for Defendants' alleged failure to pay Plaintiff all of his owed wages on a weekly basis in violation of the NYLL. Plaintiff seeks compensatory damages, liquidated damages, attorney's fees, interest, and costs.

  B. <u>Defendants' Description</u>.

  Defendants maintain that Plaintiff was fully and properly compensated for all hours worked, including for all overtime hours worked, in accordance with the FLSA and New York Labor Law. In addition, because Plaintiff was the resident janitor of the building, he is not entitled to overtime pay under New York Labor Law. Defendants maintain that Plaintiff is not entitled to any unpaid wages, damages, or attorney's fees.

**2.     Jurisdiction**

Both parties maintain that this Court has jurisdiction over the FLSA claims under 29 U.S.C. § 201 *et seq.*, and 28 U.S.C. § 1331.  Further, this Court's supplemental jurisdiction lies over the NYLL claims pursuant to 28 U.S.C. § 1367.

**3.     Outstanding Motions**

There are currently no outstanding motions, and there are no outstanding requests to file motions.

**4.     Discovery**

There has been no discovery in this case to date. As this is a case regarding alleged unpaid wages, the parties anticipate that the exchange of documents, including timesheets, schedules, paystubs, and wage statements will be required before the parties engage in meaningful settlement discussions.

**5.     Settlement Discussions**

Prior to Plaintiff filing this matter (which Plaintiff originally filed in New York Supreme Court, Bronx County, before Defendants removed this action to this Court), Plaintiff sent Defendants a demand letter dated February 20, 2017.  Following receipt, the parties, through counsel, briefly engaged in settlement negotiations, with a formal demand and counteroffer exchanged via telephone and email on March 9, 2017.  When the parties were unable to resolve this matter through pre-suit negotiations, Plaintiff filed his summons and complaint, the Defendants removed, Plaintiff amended his pleading at the Court's direction, and since that time no further settlement discussions have occurred.

**6.     Length of Trial**

The parties estimate that a trial in this case will last approximately three-to-five days.

**7.     Other Information**

The parties are not aware of any additional information that would assist the Court in resolving this action.  The parties have consented to proceed before the assigned United States magistrate judge for all purposes in this matter pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

We thank the Court for its time and consideration regarding this matter.

Respectfully submitted,

_____  
Michael R. Minkoff, Esq.  
BORRELLI & ASSOCIATES, P.L.L.C.  
655 Third Avenue, Suite 1821  
New York, New York 10017  
*Counsel for Plaintiff*

_____  
Joshua T. Beldner, Esq.  
TILTON BELDNER LLP  
626 RXR Plaza  
Uniondale, New York 11556  
*Counsel for Defendants*

Enclosure

# UNITED STATES DISTRICT COURT
for the
Southern District of New York ☑

| | |
|---|---|
| Manuel Brito | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 17-CV-6969 |
| 1890 Realty, LLC, and Ben Benjamin | ) |
| _Defendant_ | ) |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

_Notice of a magistrate judge's availability._ A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

_Consent to a magistrate judge's authority._ The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| _Printed names of parties and attorneys_ | _Signatures of parties or attorneys_ | _Dates_ |
|---|---|---|
| Manuel Brito | [signature] | 10/30/2017 |
| 1890 Realty, LLC | [signature] Stuart Weinberg | 10/30/2017 |
| Ben Benjamin | [signature] Stuart Weinberg | 10/30/2017 |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
_District Judge's signature_

_____
_Printed name and title_

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_MANUEL BRITO_,

                Plaintiff,

-v-

_1890 REALTY, LLC, et al._,

                Defendant.

No. 1:17 Civ. 6969 (RJS)
CASE MANAGEMENT PLAN AND
SCHEDULING ORDER

RICHARD J. SULLIVAN, District Judge:

    Pursuant to Rules 16–26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order.

1. All parties **DO** [_do/do not_] consent to disposition of this case by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c). [_Please choose one. If all parties consent, the remainder of the Order need not be completed at this time._]

2. This case ____ [_is/is not_] to be tried to a jury. [_Please choose one._]

3. No additional parties may be joined except with leave of the Court.

4. Amended pleadings may not be filed except with leave of the Court.

5. Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than ____. [_Absent exceptional circumstances, within fourteen days of the date of the parties' conference pursuant to Rule 26(f)._]

6. All _fact_ discovery is to be completed no later than ____. [_A period not to exceed 120 days unless the case presents unique complexities or other exceptional circumstances._]

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 6 above.

    a. Initial requests for production of documents shall be served by ____.

  b.  Interrogatories shall be served by _____.

  c.  Depositions shall be completed by _____.

    i.  Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

    ii.  There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

    iii.  Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

  d.  Requests to Admit shall be served no later than _____.

8.  All *expert* disclosures, including reports, production of underlying documents, and depositions shall be completed pursuant to the following deadlines:

  a.  Expert(s) of Plaintiff(s): _____.

  b.  Expert(s) of Defendant(s): _____.

9.  All discovery shall be completed no later than _____.

10.  The Court will conduct a post-discovery conference on _____. [*To be completed by the Court*.]

11. If either party contemplates a motion, the post-discovery conference will function as a pre-motion conference. Pre-motion letters are to be submitted by _____. [*To be completed by the Court.*] Pursuant to Rule 2.A of the Court's Individual Practices, responses to pre-motion letters are to be submitted within three business days from the date of submission of the initial pre-motion letter. Pre-motion letters and responses shall be submitted pursuant to Rule 1.A of the Court's Individual Practices.

12. If neither party contemplates a dispositive motion, the post-discovery conference will function as a pre-trial conference at which a trial date will be set.

13. Counsel for the parties request a settlement conference before a Magistrate Judge or the Southern District's Mediation Program and request: [*Please check one. All counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.*]

    a.    _____    Referral to a Magistrate Judge for settlement discussions

    b.    _____    Referral to the Southern District's Mediation Program
    [*Note that all employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., are designated for automatic referral to the Court's Alternative Dispute Resolution program of mediation. Accordingly, counsel in such cases should select 13(b) above.*]

    The parties are to contact _____ by _____.
    [*To be completed by the Court after consultation with the parties.*]

14. Parties have conferred and their present best estimate of the length of trial is ____.

15. In the case of a discovery dispute, unless otherwise directed, parties should describe their discovery disputes in a single letter, jointly composed, not to exceed five pages. Separate and successive letters will not be read. Strict adherence to Fed. R. Civ. P. 37(a)(1), the "meet and confer" rule, is required, and should be described in the joint submission as to time, place, and duration, naming the counsel involved in the discussion. The joint letter shall describe concisely the issues in dispute and the respective position of each party, citing the applicable authority that the respective parties claim for support. As a general matter, affidavits or exhibits are not permitted in connection with discovery dispute letters without prior written request and permission. However, when the dispute concerns the refusal to respond to a specific written request, the parties shall attach that request. If an opposing party refuses to participate in writing a joint letter or does not provide its portion of a joint letter within 72 hours of a party's request, a party may submit a letter without the opposing party's

contribution and shall attach a copy of the correspondence seeking the opposing party's contribution.

16. No request for an extension of the deadlines set forth in ¶¶ 6 or 9 shall be granted unless the parties seeking the extension show good cause for the extension and specifically explain (1) what discovery has already been completed, (2) what discovery remains to be done, and (3) why the parties were unable to comply with the preexisting deadlines. As a general matter, the Court will not adjourn a deadline by more than the number of days remaining from the time of the request to the original deadline. (For example, if at the time of the request there are twenty days left before the deadline, the Court will not adjourn the deadline more than twenty days.)

SO ORDERED.

DATED: _____, 20\_\_
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

4