USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/28/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MANUEL BRITO,   :

               Plaintiff,   :   17 Civ. 6969 (HBP)

  -against-   :   OPINION
                        AND ORDER
1890 REALTY, LLC and   :
BEN BENJAMIN,
                       :

             Defendants.
                       :
-----------------------------------X

        PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint application to approve their settlement (Letter of Michael R. Minkoff, Esq., to the undersigned, dated Aug. 31, 2018 (Docket Item ("D.I.") 33) ("Minkoff Letter")). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        Plaintiff alleges that he worked as a live-in building superintendent for defendants from August 4, 2004 until January 12, 2017 (Amended Complaint, dated Oct. 9, 2017 (D.I. 13) ("Am. Compl.") ¶ 12). Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"), claiming that defendants failed to pay overtime premium pay, unlawfully deducted wages from his pay

and failed to pay weekly wages (Compl. ¶¶ 28-45). According to plaintiff, defendants owe him $12,385.19 in unpaid wages and $12,385.19 in liquidated damages (Minkoff Letter at 4).

Defendants deny plaintiff's claims and contend that plaintiff received additional compensation for all hours worked in excess of 40 hours per week (Minkoff Letter at 4). Defendants also claim that plaintiff worked fewer than 40 hours per week during "many weeks" of his employment (Minkoff Letter at 4).

The parties agreed to the material terms of a settlement, consisting of a $25,000.00 offer of judgment against defendants, pursuant to Rule 68 of the Federal Rules of Civil Procedure (D.I. 31), and a separate agreement by defendants to pay $18,000.00 for plaintiff's attorneys' fees and costs. The parties submitted their proposed settlement for judicial approval on September 13, 2018 (Minkoff Letter; Minkoff Letter, Ex. A; Minkoff Letter, Ex. B). Because I did not preside over a settlement conference in this case, my knowledge of the underlying facts and the justification for the settlement is limited to plaintiff's counsel's representations in the letter submitted in support of the settlement.

The terms of the settlement provide that defendants will pay a total amount of $43,000.00 -- a $25,000.00 Rule 68 offer of judgment against defendants and $18,000.00 to be paid to

plaintiff's counsel for fees and costs - - in two equal payments of $21,500.00, the first payment to be made within 30 days of the court's approval of the settlement and the second within 60 days of the court's approval of the settlement (Minkoff Letter, Ex. A; Minkoff Letter, Ex. B).

> Court approval of an FLSA settlement[1] is appropriate
>
> > "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quota-

---

[1] As plaintiff's counsel notes (Minkoff Letter at 1-2), there is disagreement among judges in this Circuit concerning whether the FLSA requires judicial approval of a settlement by Rule 68 offer of judgment. See Yu v. Hasaki Rest., Inc., 874 F.3d 94, 98 (2d Cir. 2017). Because I approve the parties' settlement, I need not decide whether judicial approval is required under these circumstances. Lin v. Grand Sichuan 74 St Inc., 15 Civ. 2950 (RA), 2018 WL 3222519 at *4 (S.D.N.Y. July 2, 2018) (Abrams, D.J.).

3

tion marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, plaintiff's net settlement of $25,000.00 represents more than 100% of his total alleged damages (Minkoff Letter at 4). This percentage is clearly reasonable. See Redwood v. Cassway Contracting Corp., 16 Civ. 3502 (HBP), 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (Pitman, M.J.) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); Chowdhury v. Brioni America, Inc., 16 Civ. 344 (HBP), 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (Pitman, M.J.) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); Felix v. Breakroom Burgers & Tacos, 15 Civ. 3531 (PAE),

4

2016 WL 3791149 at *2 (S.D.N.Y. Mar. 8, 2016) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable).

Second, the settlement will entirely avoid the expense and aggravation of litigation. Because the action settled prior to the taking of depositions, the parties will be able to avoid this burden and expense.

Third, the settlement will enable plaintiff to avoid the risk of litigation. Defendants denied plaintiff's allegations and presented documentary evidence to contradict plaintiff's claims. Given this documentary evidence and the fact that plaintiff bears the burden of proof, it is uncertain whether, or how much, plaintiff would recover at trial.

Fourth, counsel represents that the settlement is the product of arm's-length bargaining between experienced counsel. There is no evidence to the contrary.

Fifth, there are no factors here that suggest the existence of fraud. Counsel represents that the settlement was agreed upon after extensive negotiations between the parties' attorneys.

Finally, the agreement between the parties provides that defendants will pay $18,000.00 to plaintiff's counsel for attorneys' fees and out-of-pocket costs (Minkoff Letter, Ex. B).

This payment is more than 41% of the total settlement amount. Where counsel seeks more than 40% of the settlement amount as attorneys' fees, he must provide documentation to support an award in excess of the standard one-third of the settlement amount. Aquino v. Fort Washington Auto Body Corp., 16 Civ. 390 (HBP), 2017 WL 1194734 at *3 (S.D.N.Y. Mar. 31, 2017) (Pitman, M.J.), citing Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 2016 (2d Cir. 2015). Here, plaintiff's counsel has provided redacted billing records in support of their agreement (Minkoff Letter, Ex. C). After reviewing counsel's billing records and given the arm's-length negotiation that led to the parties' agreement concerning attorneys' fees, I find the agreement reasonable and supported by the documentation provided.

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed.

Dated: New York, New York
March 28, 2019

SO ORDERED

*[signature]*

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel